JOHN W. HUBER, United States Attorney (#7226)
BRANDEN B. MILES, Special Assistant United States Attorney (#9777)
ISAAC C. WORKMAN, Assistant United States Attorney (#14031)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Facsimile: (801) 325-1440
bmiles@co.weber.ut.us
isaac.workman@usdoj.gov



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:19mj459 PMW |
|---|---|
| Plaintiff, | |
| | CRIMINAL COMPLAINT |
| vs. | |
| FREDDY LOPEZ, | Count 1: 21 U.S.C. § 841(a)(1) –Possession of a Controlled Substance, Methamphetamine with Intent to Distribute; |
| Defendant. | |
| | Count 2: 21 U.S.C. § 841(a)(1) –Possession of a Controlled Substance, Methamphetamine with Intent to Distribute; |
| | Count 3: 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and Ammunition; |
| | Count 4: 21 U.S.C. § 844(a) - Possession of a Controlled Substance; |
| | Count 5: 21 U.S.C. § 844(a) - Possession of a Controlled Substance. |
| | Paul M. Warner<br>United States Chief Magistrate Judge |

Before Paul M. Warner, United States Chief Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

1

**COUNT I**
21 U.S.C. § 841(a)(1)
(Possession of a Controlled Substance with Intent to Distribute)

On or about April 4, 2019 in the Northern Division of the District of Utah,

**FREDDY LOPEZ,**

defendant herein, did knowingly and intentionally possess with intent to distribute five (5) grams or more of methamphetamine, a schedule II controlled substance within the meaning of 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

**COUNT II**
21 U.S.C. § 841(a)(1)
(Possession of a Controlled Substance with Intent to Distribute)

On or about April 27, 2019 in the Northern Division of the District of Utah,

**FREDDY LOPEZ,**

defendant herein, did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

**COUNT III**
18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm and Ammunition)

On or about April 27, 2019 in the Northern Division of the District of Utah,

**FREDDY LOPEZ,**

defendant herein, did possess, in and affecting interstate commerce, a firearm, to wit: a Mossberg, Model 88 shotgun and ammunition, having been previously convicted of a crime

punishable by imprisonment for more than one year, and did so knowingly; all in violation of 18 U.S.C. § 922(g)(1).

## COUNT IV

21 U.S.C. § 844(a)
(Possession of Controlled Substance)

On or about April 27, 2019, in the Northern Division of the District of Utah,

**FREDDY LOPEZ,**

defendant herein, did knowingly and intentionally possess Heroin, a Schedule I controlled substance within in the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 844(a).

## COUNT V

21 U.S.C. § 844(a)
(Possession of Controlled Substance)

On or about April 27, 2019, in the Northern Division of the District of Utah,

**FREDDY LOPEZ,**

defendant herein, did knowingly and intentionally possess Marijuana, a Schedule I controlled substance within in the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 844(a).

## TRAINING AND EXPERIENCE

I, Ernesto Juarez, being duly sworn, hereby depose and say:

1. I am a Detective/FBI Task Force Officer with the Ogden Metro Gang Task Force (OMGTF) and have been so employed since December 28 of 2015. I am a graduate of the Utah Peace Officer Standards and Training, Special Functions Officer and Law

3

Enforcement Officer Course in Sandy, Utah. I have received specialized training in the enforcement of federal firearm and narcotics laws, as well as specialized training with respect to the origin and nexus of firearms. I have completed numerous hours of training in Gangs, Gang Prevention, Intervention, and Suppression. As a gang unit detective/FBI task force officer, my duties and responsibilities include participating in the investigation and prosecution of persons who violate state/federal laws. The majority of these investigations involved firearms and/or narcotics-related violations, some involving violence, and many resulted in the execution of search warrants.

2. Pursuant to 18 U.S.C. § 3051, I am empowered to enforce criminal laws of the state of Utah and of the United States. As a result of my training and experience as a gang unit detective/FBI task force officer, I am familiar with federal laws including Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute a Controlled Substance, and Title 18, United States Code, Section 922(g)(1), Possession of a Firearm, and Title 21, United States Code, Section 844(a), Possession of a Controlled Substance.

3. This affidavit does not contain all of the information known to your affiant but rather only those facts believed necessary to obtain a search warrant. I am familiar with the facts and circumstances set forth herein because of my personal participation in this investigation, as well as my review of official reports and records and conversations with other law enforcement officers as more fully described below. The facts in this affidavit come from my personal observations, my specialized training and experience, and information obtained from other agents and/or witnesses.

4

4. Based on the facts set forth in this affidavit, I believe that there is probable cause that **FREDDY LOPEZ** committed violations to include the following:

   a. Possession with Intent to Distribute a Controlled Substance (Methamphetamine), in violation of Title 21, United States Code, Section 841(a)(1);

   b. Possession with Intent to Distribute a Controlled Substance (Methamphetamine), in violation of Title 21, United States Code, Section 841(a)(1);

   c. Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1);

   d. Possession of a Controlled Substance (Heroin), in violation of Title 21 United States Code, Section 844(a); and

   e. Possession of a Controlled Substance (Marijuana), in violation of Title 21 United States Code, Section 844(a).

## PROBABLE CAUSE

5. On April 4, 2019, Ogden Detectives Webb and Bonyai observed a vehicle pull out of a business and turn onto the street without signaling. The vehicle made another quick turn onto 25th street and the officers attempted to stop the vehicle. The driver, later identified as Freddy Lopez, did not immediately stop. Freddy looked at the officers and their lights and continued driving slowly while turning a corner. When he made the turn officers observed him throw multiple baggies out of his window onto Adams Avenue. Freddy eventually stopped in the mid-block of Adams Avenue.

6. The officers retrieved seven baggies of a white crystal substance that all tested positive for methamphetamine. They collectively weighed 22.7 grams, were 100% pure meth, for a total of 22.7 grams of actual methamphetamine.

7. Freddy Lopez was arrested and his vehicle searched. Officers located a large amount of clear baggies in the center console, and a glass pipe. The baggies from the street matched the baggies from the car. On Freddy's phone there was a plainly visible text message that said, "I need a whole one" with a reply stating, "where you at". Officers also located a notebook in the trunk with people's names and dollar amounts which was consistent with owe sheets.

8. Freddy waived Miranda and agreed to talk. He denied the baggies tossed from the vehicle were his. He admitted to being a drug user and to using drugs the day prior. Officers drafted a search warrant for two phones found in Freddy's vehicle and discovered dozens of messages related to drug trafficking. (incoming message: "how much for a full one?" Freddy's phone reply: "350"; incoming message: "how much for a quarter ounce?" Freddy's phone reply: "120")

9. On April 27, 2019, Ogden Police Sgt. Connors and Detective Moffit were in the area of 26th and Madison Avenue where they observed a gray truck with a broken windshield. The windshield was cracked in numerous spots and all along its length. The driver was Freddy Lopez and the passenger was Jerica Madsen.

10. Sgt. Connors informed him of the reason for the stop and noted that Freddy kept reaching all around the vehicle. He took his information down and asked Freddy if he had drugs on him again as he was aware of the previous arrest a few weeks prior. Freddy denied this and Sgt. Connor handed the information to another officer to run checks. When Sgt. Connor returned, Freddy was slamming the center console shut and stuffing something down his pants. Sgt. Connors asked him what he was doing and Freddy claimed he was getting his wallet. Sgt. Connors did not believe this was the case based on Freddy's

6

movements and actions. Concerned Freddy may have a weapon based upon his observations and knowledge that he dealt drugs, Sgt. Connors had Freddy get out of the vehicle for a terry frisk. During the frisk, Sgt. Connors observed a large bag of a crystal substance fall out of Freddy's pants to the ground. Sgt. Connors told Freddy not to move, but Freddy immediately put his foot on the bag and tried to scrape it along the road. Freddy was forced away from the bag and handcuffed.

11. A search incident to arrest revealed a pink baggie in Freddy's pocket that contained a small amount of methamphetamine. In the center console of the vehicle, officers located numerous plastic baggies consistent with meth packaging. They also found an empty gun holster, but no firearm. The passenger consented to a search of her purse and they found $2,020.00 in cash. She claimed she was holding it for Freddy. The cash was seized as evidence. The bag of methamphetamine was torn, but contained 23.965 grams of methamphetamine. The methamphetamine was later tested at 99.17 purity, for a total of 23.77 grams of actual methamphetamine.

12. Freddy was determined to be living at 2629 Madison avenue #4 and officers obtained a search warrant for the residence. In the apartment officers located multiple digital scales, baggies, and drug paraphernalia. They located a large baggie of a white crystal substance containing over one hundred grams of methamphetamine. The meth tested as 98% pure for an actual amount of 102 grams of methamphetamine. Officers found another notebook with Freddy's name on it and it contained more owe sheets. There were several surveillance cameras pointing outside the apartment. Officers also found items belonging to Freddy (wallet/credit cards, etc.) and men's clothing. Officers found 40 grams of

marijuana and 3 grams of heroin. The heroin was lab tested and found to weight 951 milligrams containing both heroin and fentanyl.

13. During the search, officers also located a shotgun, boxes of shotgun shells, and a gun cleaning kit. The shotgun was a Mossberg Model 88. The shotgun was not manufactured in Utah.

14. Freddy has been convicted of a felony in California and is restricted from possessing firearms.

15. In his jail phone calls Freddy made to his girlfriend, Freddy tells her he does not think he will be charged with the shotgun because he "oiled" it, removing any fingerprints, before putting it under the bed. There was another phone call as well in which he tells his mother that he needs help obtaining a good lawyer because he is in "serious trouble" for "selling drugs."

16. Based on the aforementioned facts, I believe that there is probable cause that **FREDDY LOPEZ** committed violations to include the following:

    a. Possession with Intent to Distribute a Controlled Substance (Methamphetamine), in violation of Title 21, United States Code, Section 841(a)(1);

    b. Possession with Intent to Distribute a Controlled Substance (Methamphetamine), in violation of Title 21, United States Code, Section 841(a)(1);

    c. Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1);

    d. Possession of a Controlled Substance (Heroin), in violation of Title 21 United States Code, Section 844(a); and

    e. Possession of a Controlled Substance (Marijuana), in violation of Title 21 United States Code, Section 844(a).

17. I swear that this information is true and correct to the best of my knowledge, information, and belief. I further request a warrant for arrest be issued based upon the facts set forth herein.

DATED this 28th day of JUNE 2019.

_____
ERNESTO JUAREZ, Agent
FBI TFO / Weber-Morgan Narcotics Strike Force

Subscribed and sworn to before me this 28th day of JUNE 2019.

_____
PAUL M. WARNER
United States Chief Magistrate Judge

APPROVED:

JOHN HUBER
United States Attorney

_____
ISAAC WORKMAN
Assistant United States Attorney